# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, KELLY E. SORENSON,<br><br>Plaintiffs,<br><br>vs.<br><br>WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS<br><br>Case No. 2:16-cv-875<br><br>Judge Clark Waddoups |

Before the court is the motion to dismiss by defendant, Wadsworth Brothers Construction Company, Inc., (ECF No. 19) which seeks to dismiss the Complaint plaintiff, Kelly E. Sorenson, acting as Relator and on behalf of and in the name of the United States, has filed against it. The motion has been fully briefed, and Defendant has submitted a request for a decision on the same. (ECF No. 23.) Having reviewed the pleadings and materials submitted, the court now enters this order **GRANTING IN PART** and **DENYING IN PART** Defendant's motion to dismiss.

## BACKGROUND

Plaintiff was employed as a truck driver by Defendant from September 1, 2014 until November 14, 2014. (Compl. at ¶ 23, ECF No. 1.) Part of Plaintiff's employment was spent working on the construction of a deicing pad (the "Deicing Project") at the Salt Lake International Airport (the "Airport"). *Id.* at ¶¶ 12, 13, 24. The Deicing Project was funded through a grant that the Airport received from the FAA. *Id.* at ¶¶ 12–13. As a condition of Defendant's contract with the Airport for the Deicing Project, Defendant was required to comply with the Davis-Bacon Act. *Id.* at ¶¶ 12–20. Plaintiff also performed work on the I-15 Core Project, which was also federally

funded and governed by the Davis-Bacon Act. *Id.* at ¶ 28. Plaintiff worked exclusively on the Deicing Project and the I-15 Core Project. *Id.* at ¶ 29. Plaintiff asserts that Defendant failed to pay him the additional $10.53 per hour he was owed under the Davis-Bacon Act but falsely certified to the United States Government that it was complying with that Act. *Id.* at ¶¶ 24–20, 53–56. Plaintiff further alleges that Defendant retaliated against him for complaining about his deficient pay. *Id.* at ¶¶ 40–51.

Plaintiff previously brought a complaint before the Utah Labor Commission alleging that Defendant did not properly pay him, and on June 24, 2015, an administrative law judge ordered Defendant to pay Plaintiff $2,581.62 in non-paid Davis-Bacon wages. (ECF No. 19-1, at ¶ 1.) Defendant petitioned for the Third Judicial District Court of Salt Lake County, Utah, to review this award, and on May 25, 2017, that court held a trial on Plaintiff's claims, at which it heard testimony from Plaintiff and at least two of Defendant's employees. *Id.* at ¶¶ 3–36. On June 7, 2017, that court issued a Memorandum Decision that denied Plaintiff's claims and found that Defendant's "timecards and timecard coding" and "calculation and paying of Bacon wages" were correct and that Defendant had paid Plaintiff "in full." *Id.* at ¶ 38–41.

Plaintiff brings this action on behalf of, and in the name of, the United States pursuant to 31 USC § 3730(b). (Compl. at ¶ 1, ECF No. 1.) Plaintiff's *qui tam* action alleges that Defendant violated the False Claims Act (the "FCA") and asserts five causes of action against it: 1) fraudulent claim; 2) false record; 3) conspiracy to defraud; 4) false receipt; and 5) retaliation. Defendant asks the court to dismiss all of Plaintiff's claims against it pursuant to the doctrine of collateral estoppel and under Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. The United States declined to intervene in this action but remains the real party in interest in this matter. (ECF Nos. 13 & 21.)

**DISCUSSION**

Defendant argues Plaintiff's should be dismissed because: 1) the issues it raises were already adjudicated by the Third Judicial District Court of Salt Lake County, Utah, and are now barred under the doctrine of collateral estoppel; 2) it fails to state a valid claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure; and 3) it does not satisfy the level of particularity and detailed required by Rule 9(b) of the Federal Rules of Civil Procedure.[1]

**A. Plaintiff is not estopped from raising the issues contained in his complaint.**

Defendant argues that because the "salient issues" alleged in Plaintiff's complaint—Defendant's alleged underpayment of Davis-Bacon wages—were already "fully and conclusively litigated in state court," Plaintiff is barred from relitigating them here under the doctrine of collateral estoppel. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citing *Montana v. United States*, 440 U.S. 147, 153 (1979). The Supreme Court has recognized that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984); *see also U.S. ex rel. Laird v. Lockheed Martin Eng'g & Sci. Servs. Co.*, 336 F.3d 346, 357 (5th Cir. 2003) ("When a federal court is asked to give claim preclusive effect to a state court judgment, the federal court must determine the preclusiveness of that state court judgment according to the principles of claim preclusion of the state from which the judgment was rendered." (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508–09 (2001))). Under Utah law, the four elements of

---

[1] Defendant's motion also argues that Plaintiff should be denied leave to amend his Complaint. Since Plaintiff has not moved to amend the Complaint, this issue is not ripe before the Court and will not be addressed herein.

collateral estoppel are:

> (i) the party against whom issue preclusion is asserted must have been a party to or in privity with a party to the prior adjudication; (ii) the issue decided in the prior adjudication must be identical to the one presented in the instant action; (iii) the issue in the first action must have been completely, fully, and fairly litigated; and (iv) the first suit must have resulted in a final judgment on the merits.

*Collins v. Sandy City Bd. of Adjustment*, 2002 UT 77, ¶ 12, 52 P.3d 1267, 1270 (citation omitted).

While the state court action involved both Mr. Sorenson and Defendant and decided that Defendant had paid Mr. Sorenson in full, Defendant's argument that the decision bars Plaintiff's current action ignores one key fact—Plaintiff brings its action not just in his own right, but also "for the United States Government." 31 U.S.C. § 3730(b)(1). And although the United States declined to intervene in this action and is not therefore a "party" here, it nonetheless remains as a "real party in interest" and has "a substantive right" in this suit. *See U.S. ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 935–36 (2009). It cannot therefore be ignored for purposes of collateral estoppel.

Under the FCA, the United States has a financial interest in this action. It is entitled to at least 70% of any civil damages or penalty awarded to Plaintiff. 31 U.S.C. § 3730(d)(2). It also still has the right to intervene in this action. *Id.* at § 3730(c)(3). These rights and interests were not shared by Plaintiff in the state court action. *See United States v. Mendoza*, 464 U.S. 154, 159 (1984) (recognizing that "the Government is not in a position identical to that of a private litigant" (citing *INS v. Hibi,* 414 U.S. 5, 8 (1973))). Because the United States' interests and rights were not represented in Mr. Sorenson's state action, those issues were not "completely, fully, and fairly litigated," and Plaintiff is not now barred from litigating the issues raised in his Complaint.

This finding is consistent with the Seventh Circuit's guidance in *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849 (7th Cir. 2009), where it addressed the exact issue presented here—whether collateral estoppel bars an employee's *qui tam* action under the FCA when he has already pursued claims individually. The Seventh Circuit answered this question in the negative, recognizing that "the resolution of personal employment litigation does not preclude a *qui tam* action, in which the relator acts as a representative of the public." *Id.* at 852. It reasoned that "[t]he special status of the United States counsels against reflexive transfer of rules of preclusion from private to public litigation." *Id.* (citing *United States v. Mendoza,* 464 U.S. 154 (1984) for the proposition that "non-mutual issue preclusion does not apply to suits involving the United States"); *see also U.S. ex rel.* Laird, 336 F.3d 346, 359–60 (recognizing the differences between a plaintiff's personal and *qui tam* actions and finding that those differences preclude a finding of collateral estoppel).

Defendant suggests that the court only dismiss Mr. Sorenson's claims but allow the United States' claims to proceed. It cannot do so. The Supreme Court has recognized that "the United States is bound by the judgment in all FCA actions regardless of its participation in the case." *See U.S. ex rel. Eisenstein*, 556 U.S. at 936. Mr. Sorenson's claims cannot be dissected and dismissed separately from the United States' claims. The Seventh Circuit reached the same conclusion in recognizing that *Eisenstein* required it to reject the district court's dismissal of the *qui tam* action with prejudice as to the employee's claims but without prejudice as to the United States. *See U.S. ex rel. Lusby*, 570 F.3d at 853.

### B. Plaintiff's first, second, third, and fourth claims are dismissed pursuant to Rule 12(b)(6).

Defendant moves to dismiss, under Rule 12(b)(6), each of Plaintiff's claims against it on the basis that they are little more than recitations of the elements of the alleged offenses followed

5

by conclusory statements that Defendant committed the offense. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos., Inc.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Free Speech v. Fed. Election Comm'n*, 720 F.3d 788, 792 (10th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In assessing Defendant's motion, this court must "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Kerber v. Qwest Grp. Life Ins. Plan*, 647 F.3d 950, 959 (10th Cir. 2011)).

1. Plaintiff's claims for "fraudulent claim" and "false records" are dismissed.

Plaintiff's first claim for "fraudulent claim" arises under 31 USC § 3729(a)(1)(A), which states that any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" is liable to the United States Government "for a civil penalty . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." His second claim for "false records" arises under 31 USC § 3729(a)(1)(B) and makes a person so liable if he "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim."

In support of these allegations, Plaintiff asserts that "certification of compliance with the Davis-Bacon Act" was a prerequisite to the Defendant getting paid by the United States Government, and that Defendant represented on each of its invoices that it was complying with that Act "despite actually knowing or operating with reckless disregard for the truth" that it did

6

not pay Plaintiff in accordance with the Act. (Compl. at ¶¶ 53–56, ECF No. 1.)[2] If accepted as true, which they must be on a motion to dismiss, these allegations are sufficient to the satisfy the language of 31 USC §§ 3729(a)(1)(A) & (B) and show that Defendant misrepresented to the United States Government that it was complying with the Davis-Bacon Act.

But not every representation regarding compliance with a statutory, regulatory, or contractual requirement is actionable under the FCA. Rather, a misrepresentation must be "material to the Government's payment decision." *Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 1996 (2016). This court has recognized that "[a]lthough the text of § 3729(a)(1)(A) does not expressly require the false statement to be material to the government's obligation to pay, the Supreme Court held that 'misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be material to the [g]overnment's payment decision in order to be actionable under the [FCA]." *United States ex rel. Hall v. LearnKey, Inc.*, No. 2:14-CV-379, 2017 WL 1592472, at *6 (D. Utah Apr. 28, 2017) (quoting *Universal Health Servs., Inc.* 136 S. Ct. at 1996).

The standard for determining whether a misrepresentation is material is "demanding" and is not met "merely because the Government designates compliance with a particular statutory . . . requirement as a condition of payment," just because "the Government would have the option to decline to pay if it knew of the defendant's noncompliance," or if the "noncompliance is minor or insubstantial." *Universal Health Servs., Inc.* 136 S. Ct. at 2003. This is because the FCA "is not 'an all-purpose antifraud statute' or a vehicle for punishing garden-variety breaches of

---

[2] Defendant's alleged actions are categorized as "implied false certifications." *See Universal Health Servs., Inc. v. United States*, 136 S. Ct. 1989, 1995 (2016) ("According to [the theory of implied false certification], when a defendant submits a claim, it impliedly certifies compliance with all conditions of payment. But if that claim fails to disclose the defendant's violation of a material statutory, regulatory, or contractual requirement, so the theory goes, the defendant has made a misrepresentation that renders the claim 'false or fraudulent' under § 3729(a)(1)(A).").

7

contract or regulatory violations." *Id.* (quoting *Allison Engine Co. v. U.S. ex rel. Sanders*, 553 U.S. 662, 672 (2008)). Plaintiff's complaint does not plead facts sufficient to meet this demanding standard. Rather, it only alleges that "certification of compliance with the Davis-Bacon Act is a prerequisite to the payment of [Defendant]." (Compl. at ¶ 53, ECF No. 1.) This is the very type of assertion deemed insufficient by the Supreme Court. Plaintiff's first and second causes of action are therefore dismissed under Rule 12(b)(6).

2. Plaintiff's claim for "conspiracy to defraud" is dismissed.

Plaintiff's third claim for conspiracy to defraud arises under 31 USC § 3729(a)(1)(C) and alleges that Defendant conspired with Alliance Benefit Group, the company that administered its "Profit Sharing plan," to make fraudulent claims and false records. Specifically, Plaintiff asserts that Defendant used Alliance Benefit Group to "obscure the Davis-Bacon wages actually due to the employees of [Defendant]." (Compl. at ¶¶ 66–67, ECF No. 1.) He further alleges that the "Profit Sharing plan" did not equal the Davis-Bacon wages he was due and that Defendant "caused false business records to be created for [it] to make it appear as though [it] was paying employees in accordance with the Davis-Bacon Act" and that Defendant "knowingly certified to an employee of the United States that [it] was paying its employees in accordance with the Davis-Bacon Act." *Id.* at ¶¶ 33–37, 70–71.

While the "FCA does not define a conspiracy . . . courts have held that general civil conspiracy principles apply to FCA conspiracy claims." *United States v. Toyobo Co.*, 811 F. Supp. 2d 37, 50 (D.D.C. 2011) (citing *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 685 F.Supp.2d 129, 140 (D.D.C. 2010); *United States ex rel. Durcholz v. FKW Inc.*, 189 F.3d 542, 545 n. 3 (7th Cir.1999)). Thus, in order to state a claim for conspiracy under the FCA, Plaintiff must plead that Defendant "'conspired with one or more persons to have a

8

fraudulent claim paid by the United States, . . . that one or more of the conspirators performed any act to have such a claim paid by the United States, and . . . that the United States suffered damages as a result of the claim.'" *Id.* (quoting *United States v. Bouchey,* 860 F.Supp. 890, 893 (D.D.C. 1994)); *see also* Restatement (Third) of Torts: Liab. for Econ. Harm § 27 TD (2018) ("A defendant is subject to liability for conspiracy to commit a tort upon proof of the following elements: (a) The defendant made an agreement with another to commit a wrong; (b) a tortious or unlawful act was committed against the plaintiff in furtherance of the agreement; and (c) the plaintiff suffered resulting economic loss."). Plaintiff has failed to make such a showing here.

First, because Plaintiff's complaint fails to establish that Defendant made fraudulent misrepresentations under the FCA, Plaintiff cannot establish that Defendant conspired to "have a fraudulent claim paid by the United States." Plaintiff cannot establish that Defendant engaged in a conspiracy to commit fraud without first proving that Defendant actually committed fraud. *See Peterson v. Grisham*, 594 F.3d 723, 730 (10th Cir. 2010) (stating the general proposition, as recognized in Oklahoma law, that "'an underlying unlawful act is necessary to prevail on a civil conspiracy claim'" (citation omitted)). Second, because Plaintiff has failed to establish that Defendant's alleged misrepresentations were "material to the Government's payment decision," he cannot establish that the alleged conspiracy was entered in order to "have a fraudulent claim paid by the United States" or that "the United States suffered damages as a result of" the alleged conspiracy. Plaintiff cannot establish any of the three elements of his claim for civil conspiracy. Plaintiff's third claim is therefore dismissed pursuant to Rule 12(b)(6).

3. Plaintiff's claim for "false receipt" is dismissed.

Plaintiff does not oppose Defendant's motion to dismiss, under Rule 12(b)(6), his fourth claim. (*See* ECF No. 20, at p. 15.) Plaintiff's fourth claim is therefore dismissed.

9

### 4. Plaintiff's claim for retaliation satisfies Rule 12(b)(6).

Plaintiff's final claim alleges that Defendant retaliated against him in violation of 31 USC § 3130(h). That statute allows an employee to recover from his employer if he "is discharged . . . or in any other manner discriminated against in the terms and conditions of employment because of [his] lawful acts done . . . in furtherance of an action under this section or other efforts to stop 1 or more violations of [the FCA]." 31 U.S.C § 3730(h).

Plaintiff alleges that Defendant cut his hours, made him obtain a full medical release, and terminated him in retaliation for complaining that he was not paid his Davis-Bacon wage and accusing Defendant of violating the FCA. (Compl. at ¶¶ 78–80, ECF No. 1.) Plaintiff further alleges that Defendant was aware that he "had engaged in activities in furtherance of a potential action under the *qui tam* provisions of the False Claims Act." *Id.* at ¶ 79. If true, these allegations "state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I.*, 889 F.3d at 1161. Defendant's motion to dismiss Plaintiff's fifth claim under Rule 12(b)(6) is denied.

### C. Plaintiff's claims satisfy Rule 9(b).

Defendant argues that Plaintiff's claims should be dismissed because they do not meet the pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. Under that rule, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). The purpose of Rule 9(b) is "'to afford defendant fair notice of plaintiff's claims and the factual ground upon which [they] are based . . . .'" *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) (quoting *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000)). As it relates to claims for fraud under the FCA, Rule 9(b) requires a plaintiff to "show the specifics of a fraudulent scheme and provide an adequate basis for a reasonable inference that false claims

were submitted as part of that scheme." *Id.* "Practically speaking, FCA claims comply with Rule 9(b) when they 'provid[e] factual allegations regarding the who, what, when, where and how of the alleged claims.'" *United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (quoting *Lemmon*, 614 F.3d at 1172).

As an introductory matter, Plaintiff does not oppose Defendant's motion to dismiss his fourth claim under Rule 9(b). (*See* ECF No. 20, at p. 17.) Plaintiff's fourth claim is therefore dismissed pursuant to Rule 9(b). Moreover, because Rule 9(b) only governs allegations of fraud or mistake, it does not apply to Plaintiff's fifth claim for retaliation. Thus, the question before the court is whether Plaintiff has pled sufficient facts regarding the "who, what, when, where and how" of its claims that Defendant submitted, and conspired to submit, fraudulent claims and false records to the United States Government regarding the payment of Davis-Bacon wages. The Tenth Circuit has counseled that in answering such a question, "'courts may consider whether any pleading deficiencies resulted from the plaintiff's inability to obtain information in the defendant's exclusive control." *Id.* (quoting *George v. Urban Settlement Servs.*, 833 F.3d 1242, 1255 (10th Cir. 2016)). "This reflects the principle that 'Rule 9(b) does not require omniscience.'" *Id.* (quoting *Williams v. Duke Energy Int'l, Inc.*, 681 F.3d 788, 803 (6th Cir. 2012)).

Defendant argues that Plaintiff's complaint "provides virtually no details of any actual false claim made," as Plaintiff "offers no supporting claim or invoice numbers, no actual dates that any improper bills were supposedly submitted, no claim amounts or reimbursement amounts he alleges were actually paid to [Defendant], he doesn't identify who at [Defendant] presented a false claim or to whom representing the government." (ECF No. 19, at pp. 13–14.) Defendant's assertions are all accurate. But so is its explanation as to why Plaintiff fails to provide that

information—because Plaintiff "was merely a temporary truck driver that worked for [Defendant] for two months and who had no managerial or inside administrative duties at [Defendant] and no personal, direct, or independent knowledge upon which to base such claims, and indeed, aside from speculation, no way to develop such information." *Id.* at 15. This court, following the guidance of the Tenth Circuit, declines to penalize Plaintiff for being unable to obtain unobtainable information. *See United States ex rel. Polukoff*, 895 F.3d at 745 ("[W]e excuse deficiencies that result from the plaintiff's inability to obtain information within the defendant's exclusive control." (citation omitted)). Defendant's motion to dismiss the Complaint pursuant to Rule 9(b) is denied.

## CONCLUSION

For the reasons stated above, the court **GRANTS in part** and **DENIES in part** Defendant's motion to dismiss. (ECF No. 19). Defendant's motion to dismiss Plaintiff's first, second, third, and fourth causes of action is **HEREBY GRANTED**, and Plaintiff's first, second, third, and fourth causes of action are **HEREBY DISMISSED**. Defendant's motion to dismiss Plaintiff's fifth cause of action is **HEREBY DENIED**.

DATED this 5th day of June, 2019.

BY THE COURT:

Clark Waddoups
United States District Judge