# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.*, **KELLY E. SORENSON,**<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>**WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.,**<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO AWARD FEES AND COSTS**<br><br>Case No. 2:16-cv-875<br><br>Judge Clark Waddoups |

　　　　Before the court is Defendant Wadsworth Brothers Construction Company, Inc.'s motion to award fees and costs (ECF No. 45) which asks the court to reward Defendant its fees and expenses incurred in this matter pursuant to 31 U.S.C. § 3730(g) or 31 U.S.C. § 3730(d)(4). The motion has been fully briefed, and a hearing was not requested. Having reviewed the pleadings and materials submitted, the court **GRANTS** Defendant's motion.

　　　　Plaintiff Kelly E. Sorenson initiated this *qui tam* action against Defendant by Complaint filed on August 11, 2016, alleging that Defendant violated the False Claims Act (the "FCA") and asserting five causes of action against Defendant: 1) fraudulent claim; 2) false record; 3) conspiracy to defraud; 4) false receipt; and 5) retaliation. (*See* ECF No. 1). The United States ultimately declined to proceed with this action but remained the real party in interest in the matter. (*See* ECF Nos. 13 & 21.) On June 5, 2019, the court, on Defendant's motion, dismissed Plaintiff's claims of fraudulent claim, false record, conspiracy to defraud, and false receipt. (*See* ECF No. 24). Then on December 10, 2020, the court granted Defendant summary judgment on Plaintiff's remaining claim of retaliation. (*See* ECF No. 41). On that same date, the court

entered judgment in Defendant's favor and closed this action.  (*See* ECF No. 42).  Defendant now moves the court to award it the fees and costs it incurred in defending this matter pursuant to 31 U.S.C. § 3730(g) and/or 31 U.S.C. § 3730(d)(4).

### A.  Defendant is not entitled to recover fees and expenses under 31 U.S.C. § 3730(g).

Defendant argues that it is entitled to recover its fees and expenses under 31 U.S.C. § 3730(g).  That statute simply recognizes that the provisions of 28 U.S.C. § 2412(d) apply to civil actions brought under the FCA by the United States.  In relevant part, 28 U.S.C. § 2412(d) requires a defendant seeking to recover its fees to file an "application for fees and other expenses which shows that [it] is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed" within "thirty days of final judgment in the action."  Here, final judgment was entered in this action on December 10, 2020 (ECF No. 42), and Defendant filed its motion for fees twenty-nine days later, on January 8, 2021.  However, its motion does not contain how much it is seeking or "an itemized statement from any attorney . . . stating the actual time expended and the rate at which fees and other expenses were computed."  While Defendant offers to provide such information if its motion is granted, as it believes that is the "more appropriate" time to do so, (*see* ECF No. 45 at p. 5) that course of action does not comply with the plain requirements of 28 U.S.C. § 2412(d) and does not therefore entitle Defendant to recover the relief he seeks under 31 U.S.C. § 3730(g).

### B.  Defendant is entitled to recover fees and expenses under 31 U.S.C. § 3730(d)(4).

Defendant offers an alternative argument that it is also entitled to recover its fees and expenses under 31 U.S.C. § 3730(d)(4).  In relevant part, that statute provides that in an action in which the United States chooses not to proceed, "the court may award to the defendant its

reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."

As a preliminary matter, Defendant has prevailed in this action as required by 31 U.S.C. § 3730(d)(4). It obtained dismissal of four of Plaintiff's five claims and then obtained summary judgment on the remaining claim. (*See* ECF Nos. 24 & 41). Judgment has been entered in Defendant's favor, and this action has been closed. (*See* ECF No. 42).

While the terms "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment" are not defined in the FCA, the Tenth Circuit has relied on Supreme Court guidance to find that an award of fees and expenses is proper under § 3730(d)(4) when the plaintiff's claim "'was frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after it clearly became so.'" *See In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1018 (10th Cir. 2017) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)); *see also U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058–59 (10th Cir. 2004). In making this determination, the court must "review the entire course of the litigation." *Praxair, Inc.*, 389 F.3d at 1059 (citing *Christiansburg Garment Co.,* 434 U.S. at 421–22).

After reviewing the entire course of this action, the court finds that Plaintiff's claims were clearly frivolous. As discussed more fully in the court's order granting, in part, Defendant's motion to dismiss (ECF No. 24), Plaintiff's claims of fraudulent claim, false record, conspiracy to defraud, and false receipt were conclusory, unsupported, and/or baseless. Similarly, as recognized in the court's order granting Defendant summary judgment (ECF No. 41), Plaintiff's remaining claim of retaliation was meritless because he failed to communicate to Defendant that it was accusing it of violating the FCA and because Defendant has not retaliated

3

against him.  In sum, the record before the court shows that Plaintiff's claim that he was not paid his proper Davis-Bacon wages is unsupported (and was heard, assessed, and dismissed in its entirety by the Third Judicial District Court of Salt Lake County (*see* ECF No. 41 at ¶ 10)), that Plaintiff failed to properly inform Defendant of his allegations, and that he was terminated, along with all other truck drivers on the job, because the work he was hired to do was ending.[1]  Bringing these claims in light of these facts, and then continuing to litigate them after those facts were made indisputably clear, was frivolous.

Having found that Plaintiff's action was frivolous, the court need not analyze whether it was also "clearly vexatious[] or brought primarily for purposes of harassment."  A finding of any of the three elements of 31 U.S.C. § 3730(d)(4) is sufficient to independently justify an award of fees and expenses.  *See In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d at 1017–18.

For the reasons stated herein, Defendant is entitled to recover from Plaintiff its "reasonable attorneys' fees and expenses" under 31 U.S.C. § 3730(d)(4).  Thus, Defendant is **ORDERED** to, **WITHIN TEN (10) DAYS**, submit to the court a sworn and itemized statement showing 1) the actual time expended and the rate at which fees were computed and 2) any expenses for which it is seeking reimbursement.

DATED this 3rd day of February, 2021.

BY THE COURT:

_____
Clark Waddoups
United States District Judge

---

[1] Defendant argues that the fact that the United States chose not to proceed with this action is proof of its frivolousness.  The court disagrees, noting that on its face 31 U.S.C. § 3730(d)(4) only applies to actions on which the "Government does not proceed."  More than just the United States' decision to not proceed with an action is therefore needed to establish the frivolousness of an action.