# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *ex rel.*, **KELLY E. SORENSON,** **Plaintiffs,** vs. **WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.,** **Defendant.** | **MEMORANDUM DECISION AND ORDER APPROVING OF IN PART AND DENYING IN PART FEES** **Case No. 2:16-cv-875** **Judge Clark Waddoups** |

By order entered February 3, 2021, the court granted Defendant Wadsworth Brothers Construction Company, Inc.'s ("Wadsworth") motion to award fees and costs and directed it to submit to the court a sworn and itemized statement showing the actual time expended and the rate at which fees were computed as well as any expenses for which it is seeking reimbursement. (*See* ECF No. 52). On February 9, 2021, Wadsworth submitted a Sworn and Itemized Statement for Attorneys' Fees and Costs (ECF No. 53) together with an affidavit (ECF No. 54) from its counsel, Wilford A Beesley, III (the "Supporting Documents"). In sum, Wadsworth requests an award of $121,937.50 in fees. Plaintiff Kelly E. Sorenson objects to Defendant's request as being improperly supported and asks the court to deny, or at a minimum reduce the amount of, Wadsworth's request. (ECF No. 55). Wadsworth has filed a reply in support of its request, asserting that its request is reasonable and should be awarded (ECF No. 56) and has submitted the matter for decision. (ECF No. 57). The matter is therefore properly before the court and ripe for decision. For the reasons stated herein, Wadsworth's requested fees are **HEREBY APPROVED OF IN PART AND DENIED IN PART**.

The Tenth Circuit has recognized that "[w]hen determining what is a reasonable award of attorney fees, the district court must calculate the 'lodestar,' which is the reasonable number of hours spent on the litigation multiplied by a reasonable hourly rate." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000) (citing *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998)). Thus, the process involves two steps: first, determine the reasonable number of hours billed, and second, determine the reasonable hourly rate for that time.

As to the first step, "[t]he party requesting attorney fees bears the burden of proving the amount of hours spent on the case" and must "submit 'meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Id.* at 1233–34 (quoting *Case*, 157 F.3d at 1250). If the presented records are inadequate, the court may reduce the number of hours, and it must reduce hours "to ensure services an attorney would not properly bill to his or her client are not billed to the adverse party." *Id.* at 1234 (citing *Case*, 157 F.3d at 1250).

For the second step, "'the district court should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation.'" *Id.* (quoting *Case*, 157 F.3d at 1255). Again, "[t]he party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* (citation omitted). "The focus must be on the 'prevailing market rate in the relevant community,'" and the court cannot simply "use its own knowledge to establish the appropriate rate unless the evidence of prevailing market rates before the court is inadequate." *Id.* (internal citations omitted).

## I.      Reasonableness of Number of Hours Billed

Wadsworth's Supporting Documents show that it expended a total of 371.7 hours on this matter between November 28, 2018 and January 31, 2021.  (*See* ECF No. 54 at ¶ 4).  The court's review of the Supporting Documents indicates that three attorneys billed time to Wadsworth in this matter—Mr. Beesley, "Attorney JT," and "Attorney JLS."  Plaintiff argues that the Supporting Documents are inadequate because only one of these attorneys, Mr. Beesley, has submitted an affidavit in support of the fee request.  The court rejects this argument.  The contents of Mr. Beesley's affidavit are sufficient to allow the court to consider the Supporting Documents; an affidavit is not required from each attorney that billed time in this action.

Plaintiff next argues that Wadsworth's redaction of the timesheets it provides as part of the Supporting Documents "prevent any meaningful review as to whether the time claimed was warranted." (ECF No. 55 at 2–3).  The court again disagrees.  Upon reviewing the same, the court finds that the redactions are minor and do not, except for those limited instances specifically discussed herein, prohibit the court from conducting a meaningful review of the time billed to Wadsworth.  The court does not therefore find that an *in camera* review of an unredacted version of the timesheet is necessary and further declines to reject Wadsworth's timesheets as a whole simply because they are redacted.  The court will, however, address the objections that Plaintiff makes to specific time entries contained in the timesheets.  The objections primarily focus on the failure of the entries to distinguish between internal communications among lawyers working on the matter and other work.  The court recognizes that such communications are an important part of representing the client and in coordinating work and research to be completed.  Nevertheless, a failure to distinguish between the time spent talking about the case, such as brain-storming and coordinating, and time spent researching, writing, reviewing documents and talking with the client

and opposing counsel, makes it difficult for the court to evaluate the necessity and efficiency of the time spent. This is particularly a problem when large blocks of time are billed without distinguishing how much of that time was spent in conference. This is a problem with the Supporting Documents submitted in this case. Because the party claiming attorney fees bears the burden of proof, the failure to distinguish must be construed against the claimant. As discussed below, the fees requested in this case must be reduced because of the ambiguity in the documentation submitted to the court.

**11/30/2018** - Plaintiff argues that this entry "indicates research but fails to identify the subject"; "includes inter-firm communications [but] does not break down the length of the communications;" and "includes an e-mail to some unnamed person [which prevents] the Court and [him] from even determining whether the e-mail was related to the case." After reviewing this entry, the court does not find that the redactions prevent it from determining that the time billed was devoted to this case. Plaintiff's objection to the time entry is overruled.

**12/4/2018** - Plaintiff argues that time entries on this date from both Mr. Beesley and Attorney JT indicate that both attorneys billed for an internal conversation, and that because the entries do not specify how much time was spent on that conversation, the billed time should be reduced. The court agrees. Because the court cannot determine what portion of Mr. Beesley's 3.3 hours was spent speaking with Attorney JT, it must dismiss that entire block of time[1] to avoid the possibility of double and inefficient billing. As such, the court finds that Mr. Beesley's entry of 3.3 hours is not reasonable and hereby rejects the same. Wadsworth's requested fees should

---

[1] The court recognizes that in this situation, it could dismiss either time entry. The court applies its discretion to dismiss the lesser of the two entries. *See Sinajini v. Bd. of Educ. of San Juan Cty. Sch. Dist.*, 53 F. App'x 31, 39 (10th Cir. 2002) ("It is within the district court's broad discretion, given its first-hand experience of the litigation as a whole, to make a holistic determination, rather than a meticulous accounting, in deciding the appropriate fee."). The court will apply this approach to every similarly situated situation discussed herein.

therefore be **REDUCED BY $1,072.50**. *See Case*, 157 F.3d at 1250 ("A district court is justified in reducing the reasonable number of hours if the attorney's time records are 'sloppy and imprecise' and fail to document adequately how he or she utilized large blocks of time." (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995))).

Plaintiff argues that the timesheets contain "numerous" such instances—large time entries that indicate that both Attorney JT and Mr. Beesley billed for the same internal conversations but do not itemize out the portion of the entry that was devoted to that conversation. Having reviewed the timesheets, the court agrees and finds that the following entries are problematic in this regard:

1. 12/6/2018 – the redactions in this entry prohibit the court from verifying that the communications referenced in Mr. Beesley's entry are not the same as those referenced in that of Attorney JT. Because the court cannot determine what portion of Attorney JT's 2.2 hours was potentially spent speaking with Mr. Beesley, it must dismiss that entire block of time as unreasonable to avoid the possibility of double billing. *See Case*, 157 F.3d at 1250. As such, the court finds that Attorney JT's entry of 2.2 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $660.00**.

2. 12/12/2018 – both Mr. Beesley's and Attorney JT's entries include time spent speaking to each other. Because the court cannot determine what portions of those entries were devoted to that conversation, it will dismiss the lesser of the two entries to avoid the possibility of double billing. *See Case*, 157 F.3d at 1250. As such, the court finds that Mr. Beesley's entry of 5.6 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $1,820.00**.

3. 12/13/2018 – same problem; the court finds that Attorney JT's entry of 2.6 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $780.00**.

4. 1/7/2019 – same problem; the court finds that Attorney JT's entry of .9 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $270.00**.

5. 1/10/2019 – same problem; the court finds that Mr. Beesely's entry of 1.2 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $390.00**.

6. 2/21/2019 – same problem; the court finds that Attorney JT's entry of 3.2 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should

5

therefore be **REDUCED BY $960.00**.

7. 2/22/2019 – same problem; the court finds that Attorney JT's entry of a redacted number of hours is not reasonable and hereby dismisses the same.  Wadsworth's requested fees should therefore be **REDUCED BY $210.00**.

8. 6/6/2019 – same problem; the court finds that Attorney JT's entry of .8 hours is not reasonable and hereby dismisses the same.  Wadsworth's requested fees should therefore be **REDUCED BY $240.00**.

9. 9/17/2019 – same problem; the court finds that Attorney JT's entry of 1.4 hours is not reasonable and hereby dismisses the same.  Wadsworth's requested fees should therefore be **REDUCED BY $420.00**.

10. 9/18/2019 – same problem; the court finds that Mr. Beesley's entry of 1.3 hours is not reasonable and hereby dismisses the same.  Wadsworth's requested fees should therefore be **REDUCED BY $442.00**.

11. 2/27/2020 – the redactions in this entry prohibit the court from verifying that the conference referenced in Mr. Beesley's entry is not the same as the discussion referenced in Attorney JT's entry.  As such, the court finds that Attorney JT's entry of 2.6 hours is not reasonable and hereby dismisses the same.  Wadsworth's requested fees should therefore be **REDUCED BY REDUCED BY $780.00**.

12. 5/14/2020 – both Mr. Beesley's and Attorney JT's entries include time spent speaking to each other.  Because the court cannot determine what portions of those entries were devoted to that conversation, it will dismiss the lesser of the two entries to avoid the possibility of double billing.  *See Case*, 157 F.3d at 1250.  As such, the court finds that Mr. Beesley's entry of 1.2 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $420.00**.

13. 5/26/2020 – same problem; the court finds that Attorney JT's entry of 2.1 hours is not reasonable and hereby dismisses the same.  Wadsworth's requested fees should therefore be **REDUCED BY $682.50**.

14. 5/27/2020 – the redactions in this entry prohibit the court from verifying that the correspondence and collaborative work referenced in Mr. Beesley's entry is not the same as the conferences referenced in Attorney JT's entry.  As such, the court finds that Attorney JT's entry of 4.8 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $1,007.50**.

15. 5/28/2020 – both Mr. Beesley's and Attorney JT's entries include time spent speaking to each other.  Because the court cannot determine what portions of those entries were devoted to those conversations, it will dismiss the lesser of the two entries to avoid the possibility of double billing.  *See Case*, 157 F.3d at 1250.  As such, the court finds that Attorney JT's entry of 1.8 hours is not reasonable and hereby dismisses the same.

Wadsworth's requested fees should therefore be **REDUCED BY $585.00**.

16. 5/29/2020 – same problem; the court finds that Attorney JT's entry of 1.9 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $617.50**.

17. 6/12/2020 – both Mr. Beesley's and Attorney JT's entries include time spent speaking to and working with each other. Because the court cannot determine what portions of those entries were devoted to those conversations and collaborative work, it will dismiss the lesser of the two entries to avoid the possibility of double billing. *See Case*, 157 F.3d at 1250. As such, the court finds that Attorney JT's entry of 1.0 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $325.00**.

18. 7/15/2020 – same problem; the court finds that Attorney JT's entry of 1.2 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $390.00**.

19. 7/16/2020 – both Mr. Beesley's and Attorney JT's entries include time spent speaking to each other. Because the court cannot determine what portions of those entries were devoted to those conversations, it will dismiss the lesser of the two entries to avoid the possibility of double billing. *See Case*, 157 F.3d at 1250. As such, the court finds that Attorney JT's entry of 1.4 hours is not reasonable and hereby dismisses the same. Wadsworth's requested fees should therefore be **REDUCED BY $420.00**.

For the reasons discussed herein, the court finds that Wadsworth's requested fees should be **REDUCED BY $12,492.00**.[2]

## II.   Reasonableness of Attorneys' Hourly Rate

Each of the three attorneys who billed time to Wadsworth has hourly rates that varied throughout the course of this matter. Mr. Beesley's hourly rate started at $325 and increased incrementally to $360. Attorney JT's hourly rate started at $300 and increased to $325. Attorney JLS only entered three billings in this matter; one was at an hourly rate of $155 and two were at a rate of $175.

---

[2] Wadsworth offers as support of its itemized timesheets the fact that they are "exactly as they were transmitted to and paid by Wadsworth." (ECF No. 56 at 5–6). A client's willingness to pay a bill does not absolve the court of its responsibility to review a request for fees, nor does it require the court to look the other way when "time records are 'sloppy and imprecise' and fail to document adequately how [an attorney] utilized large blocks of time." *See Case*, 157 F.3d at 1250 (quoting *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995)).

As discussed above, "[t]he party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (quoting *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir.1998)).  Plaintiff argues that Wadsworth has not satisfied that burden here, as the Supporting Documents do not provide substantive information as to these factors.  The court agrees; Mr. Beesley's conclusory assertion that his experience and knowledge lead him to believe that the charged rates are reasonable is inadequate.

Because the evidence before the court is inadequate as to the reasonableness of the requested rates here, the court is free to "use its own knowledge to establish the appropriate rate" for this action.  *United Phosphorus*, 205 F.3d at 1203.  Applying its own knowledge, the court finds that the hourly rates of Mr. Beesley, Attorney JT, and Attorney JLS are appropriate and representative of those customarily charged by attorneys for similar work in the Salt Lake City area.  The court similarly finds that the attorneys' incremental increases of their rates over the course of this action were appropriate, as the attorneys' highest-charged rates did not exceed those that the court finds appropriate in this area.  As such, the court **APPROVES OF** the hourly rates billed by each of the three attorneys who billed time to Wadsworth.

Waldsworth requests total fees in the amount of $121,937.50.  While the rates its attorneys charged in calculating those fees was reasonable, as discussed above, some of the hours charged in this matter were not.  When those unreasonable charges are reduced from the total requested, the court concludes that Wadsworth is entitled to an award of **$109,445.50 IN ATTORNEYS' FEES**.

For the reasons stated herein, Defendant Wadsworth Brothers Construction Company, Inc.'s is hereby **ORDERED** to recover from Plaintiff Kelly E. Sorenson its "reasonable attorneys' fees"[3] under 31 U.S.C. § 3730(d)(4) in the amount of **$109,445.50**.[4]

DATED this 8th day of March, 2021.

BY THE COURT:

Clark Waddoups
United States District Judge

---

[3]  Although the court's order also awarded Wadsworth its reasonable costs, the Supporting Documents indicate that Wadsworth has not incurred any taxable costs in this matter.  (*See* ECF No. 54 at 5, ¶ 8).

[4]  The court acknowledges that the calculations performed herein do not precisely follow the traditional approach of calculating the "lodestar," as it did not formulaically first calculate the "reasonable number of hours spent on the litigation" and then multiply that "by a reasonable hourly rate."  *See United Phosphorus*, 205 F.3d at 1233.  The fact that the attorneys for Wadsworth billed time at multiple hourly rates would make conducting the total fees awarded in this manner overly complicated.  Because the court determines, as discussed herein, that each of the charged rates was reasonable, and, as discussed herein, has dismissed time that was not reasonable, the final total of reasonable fees awarded herein is the same as would have been reached had it applied the typical "lodestar" formula.