# CASE NO. 21-4005

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA, ex rel. KELLY E. SORENSON,

Plaintiff/Appellant,

v.

WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.,

Defendant/Appellee.

On Appeal from the United States District Court

for the District of Utah

The Honorable Judge Clark Waddoups

No. 2:16-CV-00875-CW-CMR

**APPELLEE WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.'s MOTION FOR ATTORNEYS' FEES**

WILFORD A. BEESLEY, III
JONATHON T. TICHY
**WILFORD BEESLEY, P.C.**
A Professional Corporation
Wells Fargo Center
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 534-4459
*Attorneys for Defendant/Appellee*

Appellee Wadsworth Brothers Construction Company, Inc. ("Wadsworth") respectfully moves for an order awarding attorneys' fees to Wadsworth pursuant to Title 31 U.S.C. §3730(d)(4), and (g), Title 28 U.S.C. §2412(d)(1)(A), Fed. R. App. P. Rule 38, and 10th Cir. R. 39.2(A-D).

## STATEMENT OF POINTS AND AUTHORITIES

1. On November 27, 2018, Plaintiffs United States of America, ex rel. Kelly E. Sorenson ("Appellant") commenced this action in Utah Federal District Court by serving Wadsworth with the Complaint under 31 U.S.C. §3730(b)(2). Rec. 8.[1]

2. In its Answer to the Complaint, Wadsworth asserted an affirmative defense seeking attorneys' fees and costs stating: "It has been necessary for this answering Defendant to retain the services of attorneys to defend this action and therefore, under Title 31 U.S.C. §3730(g), this answering Defendant is entitled to a reasonable sum for attorneys' fees together with the costs expended in this action." Rec. 153 (*See* Answer, p. 8, par. 18).

3. On March 8, 2021, the District Court awarded Wadsworth attorneys' fees Under 31 U.S.C. §3730(d)(4). Rec. 369. The District Court's award of attorney's fees was based on its review of the "entire course of this action" after all of Sorenson's claims had been dismissed and after he failed to develop any support for them in the process of

---

[1] Appellee adopts the citation convention "Rec. [Page No.]" and "Supp. Rec. [Page No.]" to refer to Appellant's Appendix and Appellee's Supplemental Appendix, respectively.

discovery. Rec. 371. The District Court ruled that Sorenson's claims were "clearly frivolous," "unsupported," and "meritless." *Id.*

4. Notwithstanding the order of the District Court, Sorenson filed a Notice of Appeal to the United States Court of Appeals, 10th Circuit (the "Court"). Rec. 350.

5. On September 9, 2022, the Court ruled in Wadsworth's favor and affirmed the order of the United States District Court for the District of Utah dismissing Sorenson's Claims and granting summary judgment to Wadsworth. (See the Court's September 9, 2022 Decision, referred to hereafter as the "Decision").

6. The Court also dismissed Sorenson's challenge of the District Court's order awarding Wadsworth its attorneys' fees. (See Decision, n.2, p.3).

7. The Decision of the Court supports Wadsworth's assertion that the appeal was frivolous. The following statements and rationale are taken from the Decision as follows:

    a. "Indeed, given the record in this case, one could easily surmise, as did the district court when it ordered Sorenson to pay Wadsworth's attorney's fees, that the language used in Sorenson's complaint amounted to an attempt to obscure, rather that elucidate, the underlying facts of the case. (Decision, n.7, p.15).

    b. "…..Sorenson identifies no excuse for his failure to set out even minimal details about the tasks he (and unnamed others) undertook while employed by Wadsworth and the location where he (and unnamed others) performed those tasks." (Decision, n.8, p.16).

    c. "Sorenson's complaint asserts nothing more than a naked Davis-Bacon violation and that Davis-Bacon compliance is a condition to Wadsworth's right to payment under the deicing contract. To hold that such a complaint satisfies the FCA's rigorous materiality requirement would make a mockery of Universal Health Services." (Decision, p.18).

3

d. "For those reasons set out below, Sorenson's arguments in this regard are entirely unconvincing." (Decision, p.22).

   e. "Importantly, Sorenson has not identified a single case standing for the proposition that merely informing an employer it is not complying with a statutory, regulatory, or contractual requirement—whether through ignorance, by accident, or with intent—is enough to establish a nexus to the FCA. Under the rule posited by Sorenson, the anti-retaliation provisions of the FCA would be, in effect, incorporated into the entire body of the federal statutory and regulatory code." (Decision, p.24).

## **STATUTORY AND PROCEDURAL AUTHORITY**

1. Title 31 U.S.C. §3730(g) states as follows:

   (g) FEES AND EXPENSES TO PREVAILING DEFENDANT. — In civil actions brought under this section by the United States, the provisions of section 2412(d) of title 28 shall apply.

2. Title 28 U.S.C §2412(d)(1)(A) states in part:

   (A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses……

3. 31 U.S.C. §3730(d)(4) provides for an additional and/or alternative

avenue for the court to award attorneys' fees and expenses to Wadsworth. It states:

   (4) If the Government does not proceed with the action and the person bringing the action conducts the action, the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment.

4. Fed. R. App. P. Rule 38. Frivolous Appeal – Damages and Costs also states:

> If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.

5. 10 Cir. R. 39.2, states in part:

   39.2 Motion for attorneys' fees.

   > (A) Time to file. Absent a statutory provision or court order to the contrary, any motion requesting an award of appellate attorneys' fees must be filed by the later of: (1) if no timely petition for panel or en banc rehearing has been filed, 14 days after the time to file expires; or (2) 14 days after the court disposes of all timely petitions for rehearing or rehearing en banc.
   >
   > (B) Contents. A motion requesting an award of attorneys' fees must set forth the legal basis for an award of appellate attorneys' fees. The motion need not contain an itemization of the tasks undertaken or the fees requested, unless requested by the court.
   >
   > \*\*\*
   >
   > (D) Mandate. The court will not delay issuance of its mandate pending determination of a motion for attorneys' fees. If the court grants a motion for attorneys' fees after it issues the mandate, the Clerk will supplement the mandate with the attorneys' fee award.

## ARGUMENT

Pursuant to 31 U.S.C. §3730(g) and 28 U.S.C. §2412(d)(1)(A), Wadsworth is entitled to an award of its attorneys' fees and costs. This statute articulates that the court <u>shall</u> award to the prevailing party fees and other expenses. Wadsworth is the prevailing

party in that it successfully prevailed, the position of Appellant[2] was not substantially justified, and this court affirmed the order of the United States District Court for Wadsworth.

Furthermore, 31 U.S.C. §3730(d)(4), and Fed. R. App. P. Rule 38 provide additional avenues for the court to award attorneys' fees and costs to Wadsworth, if Sorenson's claims were clearly frivolous, vexatious or brought primarily for purposes of harassment. Wadsworth asserts that Sorenson's claims on appeal were just that – clearly frivolous, harassing, and vexatious. This is borne out, among other things, by the Decision of the Court, by the facts and rationale outlined therein, and in the District Court's order that Sorenson's claims were frivolous, including the fact that Sorenson has undertaken and lost repeated previous litigation against Wadsworth pertaining to the same set of operative facts and circumstances. Importantly, the 10th Circuit Court of Appeals has added this additional caveat in determining an award of attorneys' fees: "or [when] the plaintiff continued to litigate after it clearly became so." <u>Pack v. Hickey</u>, No. 18-8035, p. 15 (10th Cir. 2019) (meaning plaintiff continued to litigate even after it became clear from the course of litigation that proceeding was frivolous, vexatious or harassing). That threshold is met in abundance in this instance.

---

[2] Although the United States did not intervene, it remained a party in interest. It remains a named party on whose behalf Mr. Sorenson is proceeding, and it always maintained final and exclusive authority over any compromise or settlement of the claims asserted. The United States has permitted Mr. Sorenson to pursue the matter on the United States' behalf.

Perhaps the first warning for Sorenson should have been the United States' decision to not intervene, having thoroughly investigated the issues for several years but failing to discover anything of sufficient merit to warrant its further attention. Second, Sorenson should have taken closer stock of his position when the District Court summarily dismissed four of his five claims based entirely on his inability to even plead, in the first instance, colorable allegations to support his claims, finding all of them wanting even under the most generous reading and after resolving all reasonable inferences in the light most favorable to Sorenson. Or perhaps he might have reevaluated the wisdom of continuing when the District Court granted summary judgment to Wadsworth finding that Sorenson could not muster a single genuine issue of material fact.

But most significant, the time for Sorenson to assess the viability of his claims should have come many years ago, when he unsuccessfully pursued virtually the same claims in state court, wherein the court there held that Wadsworth's "timecards and timecard coding" and "calculation and paying of Bacon wages" were correct and that Wadsworth had paid Sorenson "in full." Rec. 99.

Sorenson's claims were devoid of all legal merit then, and the passage of time and another change of forum has done nothing to accord them any legitimacy now. *See Farmer v. Banco*, 791 F.3d 1246, 1255-56 (10th Cir. 2015) (addressing the court's inherent authority to assess attorney-fees/sanctions). Having one's claims dismissed

summarily and then affirmed by the U.S. Court of Appeals, on the insufficiency of the pleadings alone, is the very essence of a baseless or frivolous claim or should, at a minimum, serve as a powerful admonition that moving ahead nevertheless was to "continue[] to litigate after it clearly became so." *Id*.

## **CONCLUSION**

For the reasons set forth previously as well as those herein, Wadsworth respectfully requests it be awarded its attorneys' fees on appeal. Wadsworth, by Sorenson's appeal, was compelled to once again defend against Sorenson's frivolous, vexatious, and/or harassing claims. Wadsworth's attorneys' fees continue to accrue, and Wadsworth respectfully reserves its rights to supplement its attorneys' fees as necessary, once the appeal and any post-appeal matters are completed.

In support of its motion for attorneys' fees, Wadsworth submits herewith the following additional documents: (1) Application/Sworn Itemized Statement for Attorneys' Fees; (2) Attorneys' Fees Affidavit; and (3) Accounting Report. Upon request by the Court, Wadsworth is prepared to provide whatever additional documentation the Court determines necessary.

DATED this 3rd day of October 2022.

                                      **WILFORD BEESLEY, P.C.**
                                      A Professional Corporation

                              By: /s/ Wilford A. Beesley III
                                  Wilford A. Beesley III
                                  Jonathon T. Tichy
                                  *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of October 2022, I electronically filed the foregoing **APPELLEE WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.'s MOTION FOR ATTORNEYS' FEES** via the Case Management/Electronic Case Filing System of the United States Court of Appeals, 10th Circuit, and thereafter served electronic means of service (via e-mail) to the following:

Russel T. Monahan
Cook & Monahan, LLC
323 South 600 East, Suite 200
Salt Lake City, Utah 84102
russ@cooklawfirm.com

Carra Sheppard Cadman
U.S. Attorney's Office
Salt Lake City, Utah
Carra.cadman@usdoj.gov

                                           /s/ Wilford A. Beesley III