**Case No.** 21-4005

## IN THE UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **APPELLANT'S RESPONSE TO THE** |
| *ex rel.* KELLY E. SORENSON | : | **APPELLEE'S MOTION FOR** |
| Plaintiff/Appellant, | : | **ATTORNEYS' FEES** |
| vs. | : | |
| WADSWORTH BROTHERS | : | |
| CONSTRUCTION COMPANY, INC.: | | |
| Defendant/Appellee. | : | |

On Appeal from the United States District Court
For the District of Utah

The Honorable Clark Waddoups
District Judge
District Court Case No. 2:16-cv-00875-CW

Appellant, Kelly E. Sorenson (Sorenson), requests that this Court deny the

Motion for Attorneys' Fees filed by Appellee Wadsworth Brothers Construction

Company, Inc., (Wadsworth).

## <u>RESPONSE TO STATEMENT OF POINTS AND AUTHORITIES</u>

1.      Sorenson filed this action against Wadsworth on August 11, 2016 by filing a sealed complaint. (Rec 1)

2.      Sorenson served the complaint upon the United States of America along with substantially all Appellant's evidence in the case.  (Rec 14 paragraph 56).

3.      On September 21, 2018, over two years after the Sorenson filed his complaint, the United States issued a Notice of Election to Decline to Intervention. (Rec 123).

4.       The Court issued an order unsealing the Sorenson's Complaint on October 10, 2018. (Rec 2).

5.      Wadsworth was served on November 27, 2018. (Rec 8)

6.      Wadsworth's Answer, filed on June 12, 2019 requested attorney's fees pursuant to Title 31 U.S.C. §3730(g). (Rec 160 paragraph 18).

7.      On March 8, 2021, the District Court awarded Wadsworth attorneys' fees under Title 31 U.S.C. §3730(d)(4). (Rec 369.

8.      On September 9, 2022, this Court affirmed the grant of summary judgment and motion to dismiss issued by the District Court.  (Appellate Document 010110736374) (Decision).

9.    On October 3, 2022, Wadsworth filed a Motion for Attorneys' Fees. (Document 010110748435) (Motion for Fees).

10.    Wadsworth's Motion for Fees cites lists five cites to the Decision to justify the assertion that Sorenson's appeal was frivolous under Title 31 U.S.C. §3730(d)(4). (Document 010110748435 pages 34 paragraph 7).

## <u>ARGUMENT</u>

**Attorneys' Fees Under 31 U.S.C. §3730(g) and 28 U.S.C. §2412(d)(1)(A).**
Initially, Wadsworth seeks attorneys' fees under <u>31 U.S.C. §3730(g)</u> and <u>28 U.S.C. §2412(d)(1)(A)</u>.  The Court should reject Wadsworth's claim for fees and costs under these provisions.

Title <u>28 U.S.C. §2412</u>, the Equal Access to Justice Act (EAJA) is inapplicable by the clear language of the statute.  The terms of the EAJA only apply to actions brought by the Unite States.  <u>31 U.S.C. § 3730(g)</u> (In civil actions brought under this section by the United States, the provisions of section 2412(d) of title 28 shall apply). The United States declined to intervene in this matter, therefore, this action was not brought by the United States, although the United States has always remained a party in interest.  The District Court when it awarded Wadsworth their fees, declined to award fees under <u>31 U.S.C. §3730(g)</u> and <u>28 U.S.C. §2412(d)(1)(A)</u> for this very same reason.  "That statute simply recognizes

that the provisions of 28 U.S.C. § 2412(d) apply to civil actions brought under the FCA by the United States."  (Rec 370).

**Attorneys' Fees Under 31 U.S.C. §3730(d)(4), and Fed. R. App. P. Rule 38**

31 U.S.C. § 3730(d)(4) permits an award of fees only if the action was "clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment."  See "*Houston v. Norton*, 215 F.3d 1172, 1174 (10th Cir. 2000).  In order to recover attorneys' fees in a *qui tam* action, a successful defendant "must demonstrate that the plaintiff has misused his statutory privilege and distorted the intent of the legislation." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058 n.22 (10th Cir. 2004)

Federal Rule of Appellate Procedure 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. Rule 38 "An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc).

Wadsworth fails to distinguish between claims under Rule 38 and 31 U.S.C. § 3730(d)(4). The two provisions have different applications. *In re Natural Gas Royalties Qui Tam Litigation*, 845 F.3d 1010, 1026 (10th Cir. 2017) ("Under § 3730(d)(4), attorney fees are appropriate if the district court determines a claim was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment. Under Rule 38, in contrast, attorney fees and costs are appropriate if a court of appeals determines "an appeal is frivolous." Fed. R. App. P. 38.") Wadsworth conflates Rule 38 and 31 U.S.C. § 3730(d)(4) without articulating under which provision they are seeking the fees. Wadsworth's Motion for Fees combining different theories should preclude an award under Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, *after a separately filed motion* or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.").

Even if a district court determines that fees are appropriate under § 3730(d)(4), it does not necessarily follow that a court of appeals will find an appeal frivolous. *In re Natural Gas Royalties Qui Tam Litigation,* 845 F.3d 1010, 1026 (10th Cir. 2017) "A claim may not be frivolous if a plaintiff has a reasonable belief that the legal theory will prevail." *In re Natural Gas Royalties* at 1023 citing *Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995). "Even when the law or the

facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

Sorenson appealed the District Court dismissal of the Qui Tam claims and the District Court's grant of summary judgment on Sorenson's retaliation claim. The dismissal of the Qui Tam claims focused on the issue of materiality. This Court determined that Sorenson's Complaint was "bereft of critical facts as to the alleged Davis-Bacon violations and limited to nothing more than a naked assertion that truthful certification of Davis-Bacon compliance is a precondition to payment-fails to state a material misrepresentation for the purposes of the FCA." Decision page 14. Sorenson provided the Court with a narrative of Wadsworth's actions as they related to materiality and conspiracy using the paragraphs of the Complaint.

> In 2012, Salt Lake International Airport (the Airport), a Department of Salt Lake City, received a nine million dollar federal grant through the FAA for airport improvements. Using the funds from the federal grant, the Airport solicited bids on or about July 13, 2012 for construction of deicing pad 34R at the airport. As a condition of the federal grant, the Airport required that contractors awarded the bid were required to certify that all employees were paid in compliance with the Davis-Bacon Act. This information was contained in the bid solicitation documents. Wadsworth Brothers and the Airport subsequently executed the necessary documents to complete the contract, including a Notice to Proceed. Wadsworth Brothers was at all times relevant, required to comply with the Davis-Bacon Act. The Davis-Bacon Act 40 U.S.C. §3141 requires contractors to pay their laborers no less than the locally prevailing wages on federally funded construction projects in excess of $2,000.00. The Davis-Bacon Act 40 U.S.C. §3145 directs the

Secretary of Labor to establish regulations governing the requirements of Davis-Bacon, including requirements that the contractor must provide a statement of wages paid to employees on Davis-Bacon contracts. Under 29 CFR §5.5 contractors are required to certify their compliance with Davis-Bacon requirements. Lori Wadworth, controller for Wadsworth Brothers, certified the payrolls under 29 CFR Subsection A.[1] Certification of compliance with the Davis-Bacon Act to the federal government is a prerequisite to the payment of Wadsworth Brothers. Wadsworth Brothers performed work at the Deicing project since the project's inception and, therefore, has submitted invoices to include certified payrolls up the supply chain and, inevitably, to the federal government for expenses including Relator Sorenson's wages, and have been paid in relation to those invoices as a result of the governments reliance on their certifications of Davis-Bacon Act compliance. In order to increase their profits, Wadsworth Brothers represented to the federal government on each of its invoices involving Relator Sorenson, and possibly other employees' wages, that the wages Wadsworth Brothers comply with Davis-Bacon despite actually knowing or operating with reckless disregard for the truth that Wadsworth Brothers did not pay Relator Sorenson in accordance with the applicable Davis-Bacon Act wage requirements. As a result of these misrepresentations, the federal government has been damaged by Wadsworth Brothers monies that Wadsworth Brothers was not entitled to receive. Wadsworth Brothers knowingly presented to an employee of the United States a fraudulent claim for payment under the Deicing project. Wadsworth Brothers knew at the time that they presented the claim for payment under the Deicing project that Wadsworth Brothers was not in compliance with the requirements of the Davis-Bacon Act. Under 31 U.S.C. §3729(1) a person is liable for damages if they knowingly present, or cause to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States, a false or fraudulent claim for payment or approval. Under 31 U.S.C. §3729(2) a person is liable for damages if they knowingly make, use, or cause to be made or used, a false record or statement to get a false or fraudulent claim paid for or approved by the Government. Wadsworth Brothers knowingly created, used and presented to an employee of the United States a false statement in order to obtain

---

[1] Relator also included Exhibit A which included the Certification of Lori Wadsworth. (Rec 32).

contracts and payments under the Deicing project. Wadsworth Brothers caused false business records to be created for Wadsworth Brothers to make it appear as though Wadsworth Brothers was paying employees in accordance with the Davis Bacon Act. Wadsworth Brothers knowingly certified to an employee of the United States that Wadsworth Brothers was paying its employees in accordance with the Davis-Bacon Act. (Rec 8-19). Appellant's Reply Brief at 7-8.

Under 29 CFR §5.5 contractors are required to certify their compliance with Davis-Bacon requirements. Lori Wadworth, controller for Wadsworth Brothers, certified the payrolls under 29 CFR Subsection A. In addition to his regular rate of pay, Relator Sorenson was entitled to an additional $10.53 per regular hour worked on the Davis-Bacon jobsite. Almost immediately after being employed, Relator Sorenson noticed discrepancies in his pay. Although employed exclusively on the federally funded projects, Relator Sorenson's pay reflected substantial work on non-Davis-Bacon jobsites. Relator Sorenson subsequently learned that Wadsworth Brothers created time sheets showing Relator Sorenson working jobs outside of the Deicing and I-15 Core projects. Several of these time sheets contained Relator Sorenson's forged signature. Wadsworth Brothers also had Relator Sorenson sign time sheets. After Relator Sorenson signed the time sheets, Wadsworth Brother would enter job site codes that were not previously on the time sheets. This would make it appear as though Relator Sorenson was working off the Deicing Project site. Relator Sorenson also learned that when Wadsworth did pay the Relator Sorenson some of his additional wages due under Davis-Bacon, the wages were paid as a "Union Benefit". The "Union Benefits" were then sent by Wadsworth to their "Profit Sharing" plan. The amounts sent to the "Profit Sharing" plan did not equal the Davis-Bacon wages that were due the Relator. Wadsworth Brothers uses Alliance Benefit Group to administer its "Profit Sharing" plan through Morgan Stanley. Relator's time sheets and pay stubs show entries indicating that the Relator was not working at the Deicing project. Relator Sorenson was repeatedly told by co-workers that everybody was being paid the same way and that it was standard practice for Wadsworth Brothers to shave Davis-Bacon time off of federal projects. Relator also spoke to employees of

Wadsworth Brother working on other federal contract job sites. They also stated that Wadsworth Brothers did not pay full Davis-Bacon wages. Relator Sorenson's co-workers stated that Wadsworth Brothers used this practice to undercut bidders on other federal projects. As the prime contractor and entity in privity with the Salt Lake International Airport, Wadsworth Brothers owed a non-delegable duty to all workers on the Deicing Project to ensure they were paid the prevailing wages, in accordance with the terms of the Deicing contract and the Davis-Bacon Act. Certification of compliance with the Davis-Bacon Act to the federal government is a prerequisite to the payment of Wadsworth Brothers. Wadsworth Brothers performed work at the Deicing project since the project's inception and, therefore, has submitted invoices to include certified payrolls up the supply chain and, inevitably, to the federal government for expenses including Relator Sorenson's wages, and have been paid in relation to those invoices as a result of the governments reliance on their certifications of Davis-Bacon Act compliance. In order to increase their profits, Wadsworth Brothers represented to the federal government on each of its invoices involving Relator Sorenson, and possibly other employees' wages, that the wages Wadsworth Brothers comply with Davis-Bacon despite actually knowing or operating with reckless disregard for the truth that Wadsworth Brothers did not pay Relator Sorenson in accordance with the applicable Davis-Bacon Act wage requirements. As a result of these misrepresentations, the federal government has been damaged by Wadsworth Brothers monies that Wadsworth Brothers was not entitled to receive. Under 31 U.S.C. §3729(1) a person is liable for damages if they knowingly present, or cause to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States, a false or fraudulent claim for payment or approval. Wadsworth Brothers knowingly presented to an employee of the United States a fraudulent claim for payment under the Deicing project. Wadsworth Brothers knew at the time that they presented the claim for payment under the Deicing project that Wadsworth Brothers was not in compliance with the requirements of the Davis-Bacon Act. Under 31 U.S.C. §3729(2) a person is liable for damages if they knowingly make, use, or cause to be made or used, a false record or statement to get a false or fraudulent claim paid for or approved by the

Government.  Wadsworth Brothers knowingly created, used and
presented to an employee of the United States a false statement in
order to obtain contracts and payments under the Deicing project.
Wadsworth Brothers caused false business records to be created for
Wadsworth Brothers to make it appear as though Wadsworth Brothers
was paying employees in accordance with the Davis Bacon Act.
Wadsworth Brothers knowingly certified to an employee of the
United States that Wadsworth Brothers was paying its employees in
accordance with the Davis-Bacon Act.  Wadsworth Brothers uses the
services of Alliance Benefit Group to administer its "Profit Sharing"
plan through Morgan Stanley. The purpose of using the Alliance
Benefit Group is to obscure the Davis-Bacon wages actually due to
the Employees of Wadsworth Brothers. Wadsworth Brothers
misnames the wages due as "Union Benefits".  Wadsworth Brothers'
actions are designed to confuse its Employees about the wages that
the Employees are entitled to under Davis-Bacon. Wadsworth
Brothers caused false business records to be created for Wadsworth
Brothers to make it appear as though Wadsworth Brothers was paying
employees in accordance with the Davis Bacon Act.  Wadsworth
Brothers knowingly certified to an employee of the United States that
Wadsworth Brothers was paying its employees in accordance with the
Davis-Bacon Act.  The actions of Wadsworth Brothers have damaged
the United States and Relator Sorenson in an amount to be determined
at trial. (Rec 8-19)
Appellant's Reply at 11-14.

These narratives demonstrate a good faith argument to the Court that the

Complaint sufficiently alleged materiality and conspiracy.  Sorenson supported his

position by citing to *United States ex rel. International Brotherhood of Electrical*

*Workers Local Union No. 98 v. Farfield Company,* 438 F.Supp.3d 348 (E.D. PA

2020).  That case determined that failure to pay Davis-Bacon wages was sufficient

to satisfy materiality.  Appellant's Brief at 23[2].  Although the Court distinguish

that case, there is nothing that would demonstrate that the argument was frivolous.

Sorenson presented a good faith argument that Wadsworth was on notice

that his complaints about Davis-Bacon violations were sufficient to satisfy the

notice requirements of the anti-retaliation provisions of the FCA.  Ultimately the

decision rested on the interpretation of *United States ex rel. Reed v. KeyPoint*

*Government Solutions,* 923 F.3d 729, 765 (10th Cir. 2019).  There is nothing in the

record that show that Sorenson's argument on notice was frivolous.

To recover fees under 31 U.S.C. § 3730(d)(4) the party claiming fees must

show that the appeal was "clearly frivolous, clearly vexatious, or brought primarily

for purposes of harassment."  There was not such showing in this case.  The Court

should deny the Motion for Attorneys' Fees in its entirety.

**Fee Amounts**

Sorenson contests the reasonableness of the claimed fees.  Initially,

Sorenson notes that Wadsworth claimed 371.70 hours to litigate this matter in

District Court.  This included everything from the review of the complaint until the

final submission for attorneys' fees.  Vastly more filings were created and argued

---

[2] Sorenson also cited to *United States ex rel. Smith v.Clark/Smoot/Russell*, 796
F.3d 424, 434 & n.6 (4th Cir. 2015), another case that said that Davis-Bacon
violations could support claims under the FCA.

through the District Court litigation, yet Wadsworth now seeks fees for 400.10 hours of attorney time.

Parsing the time sheets provided by Wadsworth, it shows significant hours spent seemingly on the Entry of Appearance and Certificate of Interested Party Designation. See Entries 1/14/2021, 1/15/2021, 1/20/2021 totaling 7.10 hours. In another instance, on August 6, 2021, this Court requested Sorenson to provide a response to an order to show cause on the issue of whether Sorenson needed to file an additional Notice of Appeal on the attorney fee issue. On August 16, 2021, Sorenson filed a response conceding the issue. From August 6, 2021 to August 17, 2021, Wadsworth spent 38.50 hours on the issue that was conceded. Wadsworth claimed attorney time is clearly excessive and beyond what was necessary for this appeal. The Court should deny the requested fees as excessive.

Even if the Court were to grant Wadsworth fees and costs on appeal, they must be reasonable. The Court should reduce the hours to 185.85 which is equal to half of the total hours required to litigate this matter in District Court.

## **CONCLUSION**

The Court should deny the Appellee's request for attorneys' fees on appeal. Fees requested under 31 U.S.C. §3730(g) and 28 U.S.C. §2412(d)(1)(A) are not applicable to this appeal. Appellant's position on appeal was clearly not frivolous,

nor vexatious as required under 31 U.S.C. §3730(d)(4), and Fed. R. App. P. Rule

38. The requested fees are not reasonable and should be reduced if not eliminated.

Respectfully submitted,

RUSSELL T. MONAHAN
Attorney for Appellant/Relator
COOK & MONAHAN, LLC
323 South 600 East, Suite 200
Salt Lake City, UT 84012
801-595-8600
russ@cooklawfirm.com

## <u>CERTIFICATE OF SERVICE</u>

RUSSELL T. MONAHAN hereby declares that he is the attorney for the Plaintiff herein; and that he served the attached **APPELLANT'S RESPONSE TO APPELLEE'S MOTION FOR ATTORNEYS' FEES** upon all counsel of record by electronically filing the same using the Case Management/Electronic Case Filing System on: Monday, October 17, 2022 and by e-mail to:

Wilford A. Beesley III
WILFORD BEELEY, P.C.
bill@wbeesley.com

Carra S. Cadman
Assistant United States Attorney
United States Attorney, District of Utah
carra.cadman@usdoj.gov

Executed on: Monday, October 17, 2022.

I declare under criminal penalty of the State of Utah that the foregoing is true and correct.

/s/ *Russell T. Monahan* .
RUSSELL T. MONAHAN
Attorney for Plaintiff/Appellant