CASE NO. 21-4005

IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA, ex rel. KELLY E. SORENSON,

Plaintiff/Appellant,

v.

WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.,

Defendant/Appellee.

On Appeal from the United States District Court

for the District of Utah

The Honorable Judge Clark Waddoups

No. 2:16-CV-00875-CW-CMR

APPELLEE WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.'S
REPLY – MOTION FOR ATTORNEYS' FEES

WILFORD A. BEESLEY, III
JONATHON T. TICHY
WILFORD BEESLEY, P.C.
A Professional Corporation
Wells Fargo Center
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 534-4459
Attorneys for Defendant/Appellee

1

Appellee Wadsworth Brothers Construction Company, Inc. ("Wadsworth") hereby replies to the points and arguments raised by Appellant Kelly E. Sorenson ("Sorenson") in his response memorandum opposing Wadsworth's motion for Attorneys' Fees.

### 1.  31 U.S.C. §3730(g) and The Equal Access to Justice Act.

Sorenson argues that 28 U.S.C. §2412 (which is referred to by 31 U.S.C. §3730(g)) is, on its face, inapplicable to this matter. Wadsworth disagrees. While Wadsworth concedes that the United States investigated the matter and declined to intervene and assume principal prosecution of the case, it also declined to join Wadsworth in moving for withdrawal and dismissal of the case. It remains a named plaintiff on whose behalf Sorenson is proceeding, and it maintains final and exclusive authority over any compromise or settlement of the claims asserted. For all practical purposes, the United States is as much of a party to this matter as Sorenson and has permitted Sorenson to pursue the matter on the United States' behalf.[1]

### 2.  31 U.S.C. §3730(d)(4) and Rule 38 – Frivolous Claims/Appeal.

Sorenson argues that there is a distinction between 31 U.S.C. §3730(d)(4) and Fed. R. App. P. Rule 38, and this somehow limits the court's ability to award attorneys' fees to Wadsworth.  However, the statute and rule are not limiting whatsoever, but rather, expand the court's ability to exercise and apply its judicial discretion to find Sorenson's

---

[1] Contrary to Sorenson's assertion, the district court did not decline to award Wadsworth its fees under 31 U.S.C. §3730(g) and 28 U.S.C. §2412(d)(1)(A) for the "very same reason" argued by Sorenson here. Rather, the district court determined that Wadsworth did not file its "itemized statement" and "application for fees" within the 30 days of final judgement, as required by this statute. Rec. 370.

claims and appeal frivolous and award attorneys' fees to Wadsworth. *See Farmer v. Banco*, 791 F.3d 1246, 1255-56 (10th Cir. 2015) (addressing the court's inherent authority to assess attorney-fees/sanctions). Accordingly, the court may utilize and apply either 31 U.S.C. §3730(d)(4) and/or Rule 38.

In relevant part, 31 U.S.C. § 3730(d)(4) provides that in an action in which the United States chooses not to proceed, "the court may award to the defendant its reasonable attorneys' fees and expenses if the defendant prevails in the action and the court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or brought primarily for purposes of harassment." The Tenth Circuit has relied on Supreme Court guidance to find that an award of fees and expenses is proper under § 3730(d)(4) when the plaintiff's claim "'was frivolous, unreasonable, or groundless, or [when] the plaintiff continued to litigate after it clearly became so.'" *See In re Nat. Gas Royalties Qui Tam Litig.*, 845 F.3d 1010, 1018 (10th Cir. 2017) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)); *see also U.S. ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1058–59 (10th Cir. 2004). In making this determination, the court must "review the entire course of the litigation." *Praxair, Inc.*, 389 F.3d at 1059 (citing *Christiansburg Garment Co.*, 434 U.S. at 421–22).

After reviewing the entire course of the litigation, the district court found that Sorenson's claims were clearly frivolous. Rec. 371. Yet, Sorenson continued to litigate and filed his appeal. Like the district court, this court found that Sorenson's complaint

was devoid of sufficient details and was suspect given that Sorenson had litigated the matter previously in state court. The court stated: "Indeed, given the record in this case, one could easily surmise, as did the district court when it ordered Sorenson to pay Wadsworth's attorney's fees, that the language used in Sorenson's complaint amounted to an attempt to obscure, rather than elucidate, the underlying facts of the case. (Decision, n.7, p.15).

Wadsworth asserts that Sorenson's claims and appeal were clearly frivolous. Particularly, Sorenson continued to litigate after it became clear that his claims lacked any support. Indeed, this is revealed in part by the fact that Sorenson conducted no witness depositions, provided no evidence during the course of discovery sufficient to support key aspects of the allegations made, and Sorenson has undertaken and lost repeated previous litigation against Wadsworth pertaining to the same set of operative facts and circumstances – in both federal and state court. Rec. 372 (see also Rec. 99, par. 37-38, State Court Ruling finding Sorenson not credible and Wadsworth's calculations and paying of Davis Bacon wages correct).

**3.  Wadsworth's Attorneys' Fees are Reasonable**.

Sorenson contends that Wadsworth's attorneys' fees are not reasonable, arguing that the time billed in the appeal exceeded the district court litigation. This argument is misleading and of no moment. The district court litigation had very little discovery. There were no depositions taken. There was no trial. The appeal however, required extensive

research, briefing and preparation for oral argument.  In addition, Wadsworth spent

necessary time researching case law, and preparing to file a motion and/or response in

anticipation of the court's August 6, 2021 Order to Show Cause to Sorenson. This time

expended was reasonable, necessary, and justified in light of the significant attorney's

fees issue raised by Sorenson in his appeal brief.

As a guiding principle, the Court of Appeals has suggested that in an arms-length

commercial arrangement between an attorney and a corporate client such as Wadsworth,

reasonableness can generally be determined by simply examining what the client at issue

has agreed to pay. *Cadle Co., II, Inc. v. Chasteen*, 991 F.2d 805 (10th Cir. 1993)(stating

"Where there is a bona fide contractual arrangement whereby the client has committed to

pay the amount billed by the attorneys, ... the court should not second-guess the workings

of the market in determining the reasonableness or appropriateness of the fees."). In the

present case, as established both by the sworn affidavit of Wadsworth's counsel and the

detailed billing records provided, the amounts now claimed were billed to and paid in full

by Wadsworth.

<u>CONCLUSION</u>

For the reasons set forth previously as well as those herein, Wadsworth

respectfully requests that the court award Wadsworth its attorneys' fees on appeal.

DATED this 21st day of October 2022.

WILFORD BEESLEY, P.C.
A Professional Corporation


By:  /s/ Wilford A. Beesley III
Wilford A. Beesley III
Jonathon T. Tichy
Attorneys for Defendant


CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of October 2022, I electronically filed the

foregoing APPELLEE WADSWORTH BROTHERS CONSTRUCTION COMPANY,

INC.'s REPLY - MOTION FOR ATTORNEYS' FEES via the Case Management /

Electronic Case Filing System of the United States Court of Appeals, 10th Circuit, and

thereafter served electronic means of service (via e-mail) to the following:


Russel T. Monahan
Cook & Monahan, LLC
323 South 600 East, Suite 200
Salt Lake City, Utah 84102
russ@cooklawfirm.com

Carra Sheppard Cadman
U.S. Attorney's Office
Salt Lake City, Utah
Carra.cadman@usdoj.gov


/s/ Wilford A. Beesley III