FILED
United States Court of Appeals
Tenth Circuit

November 8, 2022

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA, ex rel. KELLY E. SORENSON,

    Plaintiff - Appellant,

v.

WADSWORTH BROTHERS CONSTRUCTION COMPANY, INC.,

    Defendant - Appellee.

No. 21-4005
(D.C. No. 2:16-CV-00875-CW)
(D. Utah)

---

**ORDER**

---

Before **BACHARACH**, **BRISCOE**, and **MURPHY**, Circuit Judges.

---

This matter is before the court on Wadsworth Brothers Construction Company's ("Wadsworth") Motion for Attorneys' Fees pursuant to, inter alia, the fee shifting provisions of 31 U.S.C. § 3730(d)(4). The matter has been fully briefed by the parties.

This court has considered the parties' briefs and contentions and reviewed "the entire course of the litigation in making the attorney fees determination." *See In re: Natural Gas Royalties Qui Tam Litigation*, 845 F.3d 1010, 1024 (10th Cir. 2017). That review demonstrates the issues and arguments Kelly Sorenson raised on appeal were "clearly frivolous." 31 U.S.C. § 3730(d)(4); *see also In re: Natural Gas*, 845 F.3d at 1017-18 (holding that fees should be awarded in the qui tam context "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not

brought in subjective bad faith" (quotation omitted)). Such a determination is made patent by this court's decision on direct appeal. *United States ex rel. Sorenson v. Wadsworth Bros. Constr. Co.*, 48 F.4th 1146, 1158 (10th Cir. 2022) ("Sorenson's complaint asserts nothing more than a naked Davis-Bacon violation and that Davis-Bacon compliance is a condition to Wadsworth's right to payment under the deicing contract. To hold that such a complaint satisfies the FCA's rigorous materiality requirement would make a mockery of *Universal Health Services*."); *Id.* at 1160 (holding that Sorenson's retaliation claim was clearly and unequivocally precluded by this court's decision in *United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729 (10th Cir. 2019)).

Accordingly, pursuant to the provisions of § 3730(d)(4), this court grants Wadsworth's Motion and remands the matter to the district court to determine a reasonable fee award.

A copy of this order shall stand as a supplement to the court's mandate issued on October 3, 2022.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk